IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRAZIER CISCO GRACE, JB-8477, )
    Petitioner, )
     )
    v. )    2:17-cv-632
     )
MICHAEL D. OVERMYER, et al., )
    Respondents. )

REPORT and RECOMMENDATION

Frazier Cisco Grace, an inmate at the State Correctional Institution- Forest has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Grace is presently serving 19½ to 39 year sentence imposed on May 14, 2001 following his conviction by a jury of rape and involuntary deviate sexual intercourse at No. CP-02-CR-15667-2005 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

However, this is not Grace's' first federal challenge to this conviction. At 2:15-CV-175 he likewise sought federal relief on these same charges. The latter petition was dismissed as untimely on June 9, 2015 and no further relief was sought (ECF No.17).

Grace has once again submitted a habeas petition to this Court again seeking to challenge this same conviction. This time he alleges he was denied the effective assistance of appellate counsel and the discovery of newly discovered evidence to prove his innocence in the form of an affidavit from his brother stating that petitioner was not present at the time the assault allegedly occurred.[2] Grace attempted to raise these issues in a post-conviction petition which was dismissed as patently frivolous on December 7, 2016 and his appeal was quashed on as being untimely.[3]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996,

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Pages 6 and 8 of the petition and Exhibit A thereto.
[3] See: Attachments to the petition.

included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Since leave to submit a successive petition has not been obtained from the Court of Appeals, this Court is without jurisdiction to entertain it.

Accordingly, it is recommended that the petition of Frazier Cisco Grace for a writ of habeas corpus be dismissed.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: May 23, 2017